# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

HARTLEY HINDS,

      Plaintiff,

v.

MEDNAX, INC.

      Defendant.

_____/

### <u>COMPLAINT</u>

      Plaintiff HARTLEY HINDS, (hereinafter "Plaintiff" or "HINDS") by and through his undersigned attorney hereby sues defendant MEDNAX, INC., (hereinafter, "Defendant" or "MEDNAX"), a Florida limited liability company, and says:

### <u>JURISDICTION AND VENUE</u>

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Sunrise, Florida.

## PARTIES

5.   Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6.   Plaintiff is a Jamaican, Black individual, and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his race, national origin, and/or in retaliation for his valid complaint of discrimination.

7.   Plaintiff is in a class protected under the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to the commencement of his intermittent FMLA leave (July/August 2017).

8.   Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Sunrise, Florida and authorized to do business in Florida.

9.   Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10.  At all times relevant hereto, MEDNAX was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

11.  Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on or about October 4, 2016. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff's Charge cited discrimination due to national origin, race, and retaliation for making internal complaints. Further, the Charge noted that this was a "continuing action" as Plaintiff was still employed by MEDNAX at the time the Charge was filed.

14. Plaintiff received the Right to Sue Notice on June 27, 2017. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").[1]

15. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S FMLA CLAIMS

17. Plaintiff was hired by Defendant in 2005. In July/August 2017, HINDS made a request for intermittent leave under the FMLA in order to take his daughter to doctor's appointments.

18. This request was approved by MEDNAX and was retroactively applied to some of HINDS' absences from work which were due to his daughter's medical appointments.

19. On July 24, 2017, MEDNAX issued HINDS a corrective action for "attendance/tardiness" citing several dates in which HINDS allegedly failed to call out properly.

---

[1] The Notice of Right to Sue is dated March 15, 2017. However, neither the undersigned (nor the Plaintiff) received the Notice until June 27, 2017 via email from the investigator, Ms. Alyssa Keene.

20. However, the disciplinary action cited dates upon which HINDS was taking time off from work under the protection of the intermittent FMLA leave.

21. On August 28, 2017, HINDS was terminated citing unscheduled absences with the July 24, 2017 corrective action as a basis for termination. HINDS had not received any other disciplinary actions related to attendance or otherwise other than the July 24, 2017 corrective action.

## GENERAL ALLEGATIONS FOR REMAINING COUNTS

22. HINDS was hired by MEDNAX in 2005. In May 2016, HINDS was a Technical Services Engineer and salaried employee.

23. Beginning in May 2016 and through July 2016, HINDS' immediate manager Gary Schwartz began a pattern of discriminatory behavior towards HINDS. This behavior included derogatory comments about Blacks and Jamaicans as a whole made while HINDS was present.

24. At the time, HINDS was the only Black, Jamaican employee who reported to Schwartz.

25. Schwartz also recommended HINDS be terminated and made HINDS constantly question his job security.

26. In June/July 2016, HINDS made a verbal complaint to Ann Mierez in Human Resources regarding Schwartz' demeaning, abusive, and harassing behavior/comments.

27. As a result of this complaint, HINDS was demoted in August 2016 to Help Desk Analyst which is an hourly position and resulted in a reduction in HINDS' pay/reputation.

28. The demotion prompted HINDS to file a Charge of Discrimination in October 2016 claiming race discrimination, national origin discrimination, harassment/hostile work environment, and retaliation.

29. The Charge was sent to MEDNAX and its managers and HR department were aware of the internal and EEOC complaints of discrimination.

30. On July 25, 2017, HINDS was issued a write-up for absences/tardiness. In this write-up, HINDS was presented, for the first time, with several dates ranging over the course of a month which were grounds for this write-up.

31. Prior to this July 25, 2017 write-up, HINDS had not been coached or otherwise disciplined for performance/attendance related issues.

32. On August 28, 2017, HINDS was terminated. MEDNAX again cited absences as its alleged reason for termination.

33. However, MEDNAX did not treat other similarly situated employees who were either (a) White, (b) American, or (c) had not filed an EEOC complaint in the same manner. Further, MEDNAX did not follow its own policies with regard to HINDS and held HINDS to a higher standard than his colleagues.

34. Even if MEDNAX were able to support its decisions to demote, discipline, and terminate HINDS, which it cannot, HINDS' race, national origin, and/or complaint of discrimination or some combination thereof, were motivating factors in MEDNAX' decisions.

## <u>COUNT ONE: VIOLATION OF THE FMLA</u><br><u>(RETALIATION)</u>

35. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–21, above as though the same were fully set forth herein.

36. This is an action under the FMLA for retaliation in violation of 29 U.S.C. § 2615(a)(1).

37. At all times relevant, Defendant MEDNAX was Plaintiff's "employer" as defined under the FMLA, 29 U.S.C. § 2611.

38. HINDS made a request for intermittent leave under the FMLA in July/August 2017. This request was approved by MEDNAX and retroactively applied to some of HINDS' absences from work during the period between May 2017 and August 2017.

39. Despite the approval, HINDS was disciplined for absences taken under his protected leave and was summarily terminated due to absences.

40. MEDNAX' termination of HINDS employment constitutes an "adverse employment action" under the FMLA.

41. The fact that HINDS was entitled to leave under the FMLA was a "protected activity" under the FMLA.

42. HINDS' absences were, at minimum, a motivating factor in Defendant's decision to issue disciplinary action to HINDS and terminate his employment.

43. MEDNAX' alleged reason for terminating HINDS is pretextual as it cannot demonstrate evidence to support that it applied its own policies evenly to HINDS and cannot prove that HINDS violated the company's absence and/or leave policies.

44. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

45. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

WHEREFORE, Plaintiff HARTLEY HINDS requests:

    a.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b.   Interest on the amount found due;

    c.   Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d.   Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e.   Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF THE FMLA
### (INTERFERENCE)

46. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–21 above as though the same were fully set forth herein.

47. HINDS was eligible for FMLA leave for to care for his child's serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(C). HINDS made a request for leave in July/August 2017 which was granted by MEDNAX and retroactively applied to cover some of HINDS' absences between May and August 2017.

48. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his position or its equivalent.

49. However, Plaintiff was issued a corrective action for absences covered by the FMLA and was ultimately terminated on August 28, 2017 for attendance issues.

50. Though HINDS' immediate supervisor (Marc Weiss) was aware of the reasons for HINDS' absence, Weiss issued a disciplinary action to HINDS and MEDNAX ultimately terminated HINDS for absences and/or failure to follow policies which interfered with HINDS' right to remain employed while also taking protected FMLA leave.

51. As a direct result of his termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

52. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

53. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

54. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

55. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff HARTLEY HINDS requests judgment for:

    a.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b.  Interest on the amount found due;

    c.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e.  Such other relief as the Court deems just and proper.

### COUNT THREE:
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON RACE)

56. Plaintiff re-avers and re-states paragraphs 1–16 and 22–34 above, as though the same were fully re-written herein, and says:

57. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race, Black.

58. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his race.

59. MEDNAX, by and through Schwartz (White), demoted HINDS in August 2016. Further, from May 2016 through July 2016, Schwartz made racist and discriminatory comments to HINDS or about HINDS' race as a whole.

60. MEDNAX then terminated HINDS on August 28, 2017 for allegedly violating the company's leave policies.

61. However, MEDNAX failed to evenly apply its policies to HINDS as a Black individual and held HINDS to a higher standard than his White counterparts. For example, Alex Marrero and Dave Hamel who held the same title as HINDS and who reported to the same manager were often absent or permitted to work remotely.

62. Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' race was at minimum a motivating factor in MEDNAX' decisions as Defendant does not have evidence that HINDS violated its attendance or leave policies.[2]

63. Marc Weiss, Ann Mierez, Linda Gonzalez, and/or Gary Schwartz all acted within the scope of their duties with Defendant and Defendant is liable for their discriminatory conduct by ratifying/condoning said actions.

---

[2] Plaintiff explicitly reserves the right to argue that a mixed-motive theory of discrimination applies.

64. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

65. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

    a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT FOUR:**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

66. Plaintiff re-avers and re-states paragraphs 1–16 and 22–34, above, as though the same were fully re-written herein, and says:

67. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed

against Plaintiff because the terms and conditions of Plaintiff's employment were altered due to his national origin (Jamaican).

68. MEDNAX, by and through Schwartz (American), demoted HINDS in August 2016. Further, on at least one occasion, Schwartz used a stereotypical Jamaican accent to make fun of those from Jamaica.

69. MEDNAX then terminated HINDS on August 28, 2017 for allegedly violating the company's leave policies.

70. However, MEDNAX failed to evenly apply its policies to HINDS as a Jamaican and held HINDS to a higher standard than his non-Jamaican counterparts. For example, Alex Marrero and Dave Hamel who held the same title as HINDS and who reported to the same manager were often absent or permitted to work remotely.

71. Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' national origin was at minimum a motivating factor in MEDNAX' decisions as Defendant does not have evidence that HINDS violated its attendance or leave policies.[3]

72. Marc Weiss, Ann Mierez, Linda Gonzalez, and/or Gary Schwartz all acted within the scope of their duties with Defendant and Defendant is liable for their discriminatory conduct by ratifying/condoning said actions.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

---

[3] Plaintiff explicitly reserves the right to argue that a mixed-motive theory of discrimination applies.

74. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

    a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FIVE: VIOLATION OF THE CIVIL RIGHTS ACT (RETALIATION)

75. Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1–16 and 22–34 above, as though fully rewritten herein and says:

76. Plaintiff brings this claim for retaliation in violation of the Civil Rights Act (42 U.S.C. § 2000e-3).

77. Plaintiff made internal complaints of what he perceived to be race discrimination, national origin discrimination, and hostile work environment to Mierez and Gonzalez in Human Resources in June/July 2016.

78. Defendant failed to investigate and instead demoted Plaintiff from a salary position to hourly.

79. In October 2016, HINDS filed a charge claiming the same violations of law with the EEOC.

80. On August 28, 2017, HINDS was terminated. At the time of his termination, Defendant knew that HINDS had made both internal complaints of discrimination and had filed his Charge with the EEOC and received a Right to Sue notice.

81. Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' complaints to human resources and filed Charge, were "but for" causes of MEDNAX' decisions.

82. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

83. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Further, Defendant ratified and condoned the actions of its employees by not reinstating Plaintiff.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

    a. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    b.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

    c.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT SIX: VIOLATION OF THE
### CIVIL RIGHTS ACT
### (HOSTILE WORK ENVIRONMENT)

84. Plaintiff incorporates herein the allegations contained in paragraphs 1–16 and 22–34, inclusive, as though same were fully re-written, and says:

85. Plaintiff brings this action under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2) for the unlawful employment practices of the Defendant for allowing and ratifying the harassment Plaintiff was subjected to by Gary Schwartz on the basis of his race and national origin.

86. Plaintiff is a member of a protected class because he was subjected to a hostile work environment due to his race and/or national origin. .

87. Beginning in May 2016 and continuing for several months, Schwartz made racist comments and derogatory statements about Jamaicans. Further, he made disparaging comments about the Black Lives Matter movement when HINDS was present.

88. Schwartz' actions toward Plaintiff were constant and pervasive.

89. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff was fearful that he would be terminated and felt anxious every day he worked for Schwartz.

90. Despite HINDS' complaints to human resources, no remedial measures were taken by MEDNAX to cure the harassing behavior.

91. Schwartz, at all times relevant, was acting within the course and scope of his employment.

92. Schwartz did not make the same disparaging, racist, and stereotypical comments about those who were non-Jamaican and/or non-Black.

93. If not for Schwartz' animus towards HINDS' as a Black individual from Jamaica, Plaintiff would not have been demoted to an hourly position, and ultimately terminated in August 2017.

94. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

95. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Further, Defendant ratified and condoned the actions of its employees by not reinstating Plaintiff.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT SEVEN: VIOLATION OF 42 USC § 1981
## (RACE DISCRIMINATION)

96. Plaintiff re-alleges and re-avers paragraphs 1–16 and 22–34, above, as though the same were fully re-written herein and says:

97. Plaintiff is a member of a class protected under § 1981 because Plaintiff was refused the right to continue his employment relationship with Defendant when he was terminated due to his race, Black.

98. On August 28, 2017, HINDS was terminated by Marc Weiss (White). This action was intentional, and was due to Plaintiff's race.

99. The reason(s) for this termination, that Plaintiff was excessively absent or violatied leave policy, is not substantiated by the evidence and is pretextual and is evidence that Defendant failed to evenly apply its procedures to Black employees.

100.    White, non-Black employees were not terminated for such small errors.

101.    At all times relevant to this action, Weiss acted on behalf of Defendant as HINDS' supervisor and was within the scope of his duties when he terminated HINDS.

102.    Based on the conduct of the Defendant as explained herein, Defendant has engaged in intentional discrimination against Plaintiff because of Plaintiff's race.

103.    Defendant ratified the conduct by failing to correct the intentional discrimination against Plaintiff by reinstating his employment.

104.    As a direct result of Defendant's actions, Plaintiff has been deprived of rights, lost wages and benefits, and has suffered emotionally.

105.     The conduct of Defendant, by and through the conduct of Weiss and Defendant's other agents, employees, and/or representatives, and the failure of Defendant to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of his statutory rights under federal law.

106.     The actions of Defendant and its employees, agents, and/or representatives were willful, wanton, intentional, and were done with malice or reckless indifference to Plaintiff's statutorily protected rights.

107.     Plaintiff is therefore entitled to compensatory and punitive damages as permitted under the law.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

a.   The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the 42 U.S.C. § 1981a;

b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.   Punitive and compensatory damages as permitted by law;

d.   The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

e.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT EIGHT:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

108.     Plaintiff re-avers and re-states paragraphs 1–16 and 22–34 above, as though the same were fully re-written herein, and says:

109.     Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on his race, Black.

110.     Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his race.

111.     MEDNAX, by and through Schwartz (White), demoted HINDS in August 2016. Further, from May 2016 through July 2016, Schwartz made racist and discriminatory comments to HINDS or about HINDS' race as a whole.

112.     MEDNAX then terminated HINDS on August 28, 2017 for allegedly violating the company's leave policies.

113.     However, MEDNAX failed to evenly apply its policies to HINDS as a Black individual and held HINDS to a higher standard than his White counterparts. For example, Alex Marrero and Dave Hamel who held the same title as HINDS and who reported to the same manager were often absent or permitted to work remotely.

114.     Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' race was at minimum a motivating

factor in MEDNAX' decisions as Defendant does not have evidence that HINDS violated its attendance or leave policies.[4]

115.     Marc Weiss, Ann Mierez, Linda Gonzalez, and/or Gary Schwartz all acted within the scope of their duties with Defendant and Defendant is liable for their discriminatory conduct by ratifying/condoning said actions.

116.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

117.     Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

---

[4] Plaintiff explicitly reserves the right to argue that a mixed-motive theory of discrimination applies.

**COUNT NINE:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

118.     Plaintiff re-avers and re-states paragraphs 1–16 and 22–34, above, as though the same were fully re-written herein, and says:

119.     Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on his national origin, Jamaican.

120.     MEDNAX, by and through Schwartz (American), demoted HINDS in August 2016. Further, on at least one occasion, Schwartz used a stereotypical Jamaican accent to make fun of those from Jamaica.

121.     MEDNAX then terminated HINDS on August 28, 2017 for allegedly violating the company's leave policies.

122.     However, MEDNAX failed to evenly apply its policies to HINDS as a Jamaican and held HINDS to a higher standard than his non-Jamaican counterparts. For example, Alex Marrero and Dave Hamel who held the same title as HINDS and who reported to the same manager were often absent or permitted to work remotely.

123.     Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' national origin was at minimum a motivating factor in MEDNAX' decisions as Defendant does not have evidence that HINDS violated its attendance or leave policies.[5]

124.     Marc Weiss, Ann Mierez, Linda Gonzalez, and/or Gary Schwartz all acted within the scope of their duties with Defendant and Defendant is liable for their discriminatory conduct by ratifying/condoning said actions.

---

[5] Plaintiff explicitly reserves the right to argue that a mixed-motive theory of discrimination applies.

125.      Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

126.      Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

a.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.   The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT TEN: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)

127.      Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1–16 and 22–34 above, as though fully rewritten herein and says:

128.      Plaintiff brings this claim for retaliation in violation of the Florida Civil Rights Act, ("FCRA"), Fla. Stat. §§ 760.01-760.11.

129.     Plaintiff made internal complaints of what he perceived to be race discrimination, national origin discrimination, and hostile work environment to Mierez and Gonzalez in Human Resources in June/July 2016.

130.     Defendant failed to investigate and instead demoted Plaintiff from a salary position to hourly.

131.     In October 2016, HINDS filed a charge claiming the same violations of law with the EEOC.

132.     On August 28, 2017, HINDS was terminated. At the time of his termination, Defendant knew that HINDS had made both internal complaints of discrimination and had filed his Charge with the EEOC and received a Right to Sue notice.

133.     Defendant did not have a valid, non-discriminatory reason for demoting or terminating HINDS. However, even if it did, HINDS' complaints to human resources and filed Charge, were "but for" causes of MEDNAX' decisions.

134.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of the FCRA.

135.     Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Further, Defendant ratified and condoned the actions of its employees by not reinstating Plaintiff.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

     a.  The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's

       discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.   The Court award Plaintiff the costs of this action together with him reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

c.   The Court award Plaintiff injunctive relief in the form of ordering Defendant to cease its retaliatory conduct against him; and

d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT ELEVEN – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT<br>(HOSTILE WORK ENVIRONMENT)</u>

136.    Plaintiff incorporates herein the allegations contained in paragraphs 1–16 and 22–34, inclusive, as though same were fully re-written, and says:

137.    Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, because he was subjected to a hostile work environment due to his race and/or national origin.

138.    Beginning in May 2016 and continuing for several months, Schwartz made racist comments and derogatory statements about Jamaicans. Further, he made disparaging comments about the Black Lives Matter movement when HINDS was present.

139.    Schwartz' actions toward Plaintiff were constant and pervasive.

140.    The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff was fearful that he would be terminated and felt anxious every day he worked for Schwartz.

141.      Despite HINDS' complaints to human resources, no remedial measures were taken by MEDNAX to cure the harassing behavior.

142.      Schwartz, at all times relevant, was acting within the course and scope of his employment.

143.      Schwartz did not make the same disparaging, racist, and stereotypical comments about those who were non-Jamaican and/or non-Black.

144.      If not for Schwartz' animus towards HINDS' as a Black individual from Jamaica, Plaintiff would not have been demoted to an hourly position, and ultimately terminated in August 2017.

145.      Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of the FCRA.

146.      Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Further, Defendant ratified and condoned the actions of its employees by not reinstating Plaintiff.

WHEREFORE, Plaintiff HARTLEY HINDS requests that:

   a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

   b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff HARTLEY HINDS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 20, 2017.

**EISS MASSILLON, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:     **/s/** Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@eissmassillon.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
Lindsay@eissmassillon.com